# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WADE MILLS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-18-2792 |
| OFFICER TYSON, *et al.*, | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Wade Mills filed the above-captioned civil rights action, alleging that Defendant Officer Tyson assaulted him while he was incarcerated at Patuxent Institution. ECF No 1. Defendant Patuxent Institution filed a Motion to Dismiss. ECF No. 11. Mills was notified of his right to respond to the motion, ECF No. 12, but has failed to do so. The motion is now ready for review and the Court finds no need for a hearing. *See* Local Rule 105.6. For the reasons that follow, Defendant Patuxent Institution's Motion to Dismiss is GRANTED and Defendant Tyson is DISMISSED from the case.

**I.  Background**

The Court accepts the facts averred in the Complaint as true and most favorably to Mills. On August 30, 2018, Officer Tyson engaged in a "verbal battle" with Mills before "punch[ing] [him] in the mouth splitting his top lip." ECF No. 1-1 at 1.[1] Mills says that he notified Lieutenant Lazerif[2] of the incident and requested that his injury be photographed. *Id.* at 2. Mills says that

---

[1] The Court has modified the original capitalization when quoting from Plaintiff's filings.

[2] Mills does not name Lieutenant Lazerif as a Defendant.

Lazerif "neglected to respect [Mills'] wish[e]s" in violation of unspecified policy and procedure. *Id.* Mills also notes that he filed an administrative remedy.[3] *Id.*

In his Complaint, Mills avers obliquely that "each defendant is in violation of negligent hiring training and supervision, defamation of character, assault, battery, mali[cious] emotional distress." *Id.* at 2-3. He seeks "200,000 a claim also 10 million in pain and suffering under Local Government Tort Claim Act." *Id.* at 3. Defendant Patuxent Institution has moved to dismiss affirmed via affidavit that no one by the name "Officer Tyson," was employed at Patuxent during the operative time. ECF Nos. 9, 11.

## II. Standard of Review

When reviewing a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all well-pleaded facts as true and in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). However, "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,

---

[3] Though he may have initiated an administrative remedy, it is impossible that Mills exhausted all of his administrative remedies before filing the complaint, given that the incident occurred on August 30, 2018 and Mills filed this case on September 2, 2018. *See* ECF No. 1 at 3; *see generally* Md. Code Ann., Corr. Servs. §§ 10-201 *et seq.* (detailing administrative grievance procedure); Md. Code Regs. 12.07.01.04, 12.07.01.06 (same); Agency Directive OPS.185.0002, Administrative Remedy Procedure, *available at* http://itcd.dpscs.state.md.us/PIA/ShowFile.aspx?fileID=654 (same).

2

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570).

**III. Analysis**

Mills appears to bring only state common law tort claims. Because Mills and Defendants are residents of the same state and no federal claims are specifically identified, the Court appears lack subject matter jurisdiction over the Complaint. *See* 28 U.S.C. §§ 1331-1332. The Court, however, will construe Mills' Complaint liberally and as presenting a 42 U.S.C. § 1983 claim for excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Defendant Patuxent has similarly construed Mills' Complaint and addressed the constitutional claim in its dispositive Motion. ECF No. 11 at 7-14. The Court, therefore, will reach the legal sufficiency of Mills' Complaint.

**A. "Officer Tyson"**

The Court was unable to obtain service on "Officer Tyson" and April Coccagna-Graham, the litigation coordinator for Patuxent Institution, avers that "There is no Officer Tyson employed here [at Patuxent Institution]. To my knowledge, in the 26 years that I have been employed here, there has never been an Officer Tyson employed here." ECF No. 9-1. Coccagna-Graham further declares that "if an officer is allowed onto a tier, a notation is entered in the log book for that tier. According to C-2 tiers [where Mills alleges the assault occurred] logs from August 30, 2018, there are no entries stating that an Officer Tyson, or any officer, arrived on the tier." *Id.*

Mills has not challenged the above affirmations, nor has he offered an alternate possible name for the person who committed the alleged assault. Accordingly, Defendant Officer Tyson will be dismissed without prejudice so that Mills may refile his Complaint if he learns the identity of the involved officer.

**B. Patuxent Institution**

The Court must also dismiss the section 1983 claims against Patuxent Institution. Section 1983 authorizes a right of private action against "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). Patuxent Institution is not a "person" within the meaning of § 1983, and thus is not a proper defendant. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."); Md. Code Ann., Corr. Servs. § 1-101(o) (defining "state correctional facility" as a "correctional facility that is operated by the State" and stating that "state correctional facility" includes Patuxent Institution); *see also* Md. Code Ann., State Gov. §8-201(b)(16) (identifying Department of Public Safety and Correctional Services as department of the state); Md. Code Ann., Corr. Servs. § 2-201(4) (identifying Patuxent Institution as unit within Department of Public Safety and Correctional Services). Thus, these claims fail.

**C. State Law Claims**

Because the Court has dismissed Mills federal claims, it likewise declines to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c) (stating that a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."). The Court dismisses those claims without prejudice so that Mills may pursue the claims in state court.

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss (ECF No. 11) is granted. Defendant Tyson is also dismissed from the case. A separate Order follows.

    4/5/19                                               /S/
Date                                                     Paula Xinis
                                                         United States District Judge